UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN BRUNER, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>AMERICAUNITED BANK & TRUST COMPANY,<br><br>                      Defendant. | Case No. 08 C 124<br>Honorable Charles R. Norgle, Sr. |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant AmericaUnited Bank & Trust Company ("Defendant"), by its attorneys John D. Burke and Bart T. Murphy of Ice Miller LLP, and for its answer to Plaintiff's Class Action Complaint, states as follows:

### The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. Defendant is a bank with its principal place of business in Schaumburg, Illinois.

ANSWER: Defendant admits the allegation of this paragraph.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq.*

ANSWER: Defendant admits the allegation of this paragraph.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendant resides in this district.

ANSWER: Defendant admits that venue is proper and that it resides in this district, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Statutory/Regulatory Authority

5. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

ANSWER: Defendant defers to the actual language of the EFTA and Regulation E and denies any characterization inconsistent therewith.

6. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose, (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

ANSWER: Defendant defers to the actual language of the EFTA and Regulation E and denies any characterization inconsistent therewith.

7. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

ANSWER: Defendant defers to the actual language of the EFTA and Regulation E and denies any characterization inconsistent therewith.

### Facts Related To Steven Bruner

8. On August 12, 2007, Plaintiff used automated teller machine ("ATM") number EP094609461001 ("ATM EP094609461001"), located at 321 West Golf Road, Schaumburg, Illinois 60196.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

9. On August 12, 2007, Plaintiff was charged a $1.00 fee to withdraw money from ATM EP094609461001.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

10.   On August 12, 2007, at the time Plaintiff used ATM EP094609461001, there was no notice posted on or near ATM EP094609461001 that disclosed that users would be charged any fee for using ATM EP094609461001.

ANSWER:   Defendant admits that on or about August 12, 2007, there was no notice posted on or at "ATM EP094609461001 that disclosed that users would be charged any fee for using ATM EP094609461001." Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

11.   Plaintiff incorporates herein by reference paragraphs 1-10.

ANSWER:   Defendant incorporates herein its responses to Paragraphs 1 through 10.

12.   Plaintiff brings this Count on behalf of himself and a class of all persons who were charged a transaction fee for the use of automated teller machine number EP094609461001, located at AmericaUnited Bank & Trust, 321 West Golf Road, Schaumburg, IL 60196.

ANSWER:   Defendant admits that Plaintiff purports to bring this action on behalf of himself and all persons who were allegedly charged a transaction fee for the use of automated teller machine number EP094609461001, located at AmericaUnited Bank & Trust, 321 West Golf Road, Schaumburg, IL 60196, but denies that an individual or class action is appropriate.

13.   Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

ANSWER:   Defendant admits that it would have information regarding the number of users of the ATM in question during the relevant time-period, but denies the remaining allegations of paragraph 13.

14.   Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

3

    (a)    Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

    (b)    Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

ANSWER:    Defendant denies the allegations of this paragraph.

15.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

    (a)    Plaintiff and all putative class members used an ATM operated by Defendant;

    (b)    Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

    (c)    Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM EP094609461001.

ANSWER:    Defendant denies the allegations of this paragraph.

16.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

ANSWER:    Defendant denies that a class action is appropriate and preferable but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

17.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the Class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient and adjudication of the controversy.

ANSWER:    Defendant denies the allegations of this paragraph.

18.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

ANSWER:    Defendant denies the allegations of this paragraph.

19.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

ANSWER:     Defendant denies the allegations of this paragraph.

20.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

ANSWER:     Defendant denies the allegations of this paragraph.

21.     Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

ANSWER:     Defendant is without knowledge or information to sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.     Defendant was the ATM operator of ATM EP094609461001 at all times relevant to this action.

ANSWER:     Defendant admits the allegations of this paragraph.

23.     Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

ANSWER:     Defendant admits that on or about August 12, 2007, a notice was not posted pursuant to 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) on or at the ATM, but denies the remaining allegations of this paragraph.

24.     Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff an all putative class members for their respective use of ATM EP094609461001.

ANSWER:     Defendant admits that on or about August 12, 2007, a notice was not posted pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e) on or at the ATM, but denies the remaining allegations of this paragraph.

## AFFIRMATIVE DEFENSES

1.     The statute of limitation bars recovery of any alleged transaction that occurred

more than a year before the filing of the complaint.

2.       Plaintiff's claims are barred because he failed to comply with the error resolution procedures set forth in 15 U.S.C. § 1693f, in that plaintiff failed to notify Defendant within 60 days of his respective transaction of any alleged errors.

3.       Plaintiff's claims are barred by the doctrines of assumption of risk, waiver, estoppel or avoidable consequences because he was aware from the electronic screen at the ATM of the actual transaction fee charged, but proceeded with the transaction knowing that he would be charged a $1 transaction fee.

4.       Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his alleged damages.

5.       Defendant reserves the right to amend this Answer to set forth any and all other defenses presently existing or that may be learned through further discovery, investigation or proceedings.

**FOR THE FOREGOING REASONS**, Defendant AmericanUnited Bank & Trust Company, respectfully request that the Court enter judgment in its favor and award it its attorneys; fees pursuant to the statute.

**AMERICAUNITED BANK & TRUST COMPANY**

By: _____/s/ John D. Burke_____
      One of Its Attorneys

John D. Burke (ARDC No. 06203918)
**ICE MILLER LLP**
200 West Madison, Suite 3500
Chicago, Illinois 60606
(312) 726-1567

Bart T. Murphy
**ICE MILLER LLP**
2300 Cabot Drive, Suite 455
Lisle, Illinois 60532
(630) 955-0555