**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN BRUNER, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) | Case No. 08 C 124 |
| v. | ) | Honorable Charles R. Norgle, Sr. |
| | ) | |
| AMERICAUNITED BANK & TRUST COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO QUASH DISCOVERY REQUESTS

Defendant AmericaUnited Bank & Trust Company ("Defendant"), by its attorneys John D. Burke, Bart T. Murphy, and Douglas A. Henning, moves for this Court to quash Plaintiff Steven Bruner's ("Plaintiff") discovery requests, and states as follows:

1.      Plaintiff filed his lawsuit on January 7, 2008, and Defendant filed its answer on March 11, 2008.

2.      On March 14, 2008, without first conducting a Rule 26 (f) conference, Plaintiff served his discovery request titled "Plaintiff's First Set of Written Discovery Requests (Interrogatories, Requests for Production and Requests for Admissions of Fact)."

3.      On or about March 14, 2008, counsel for Defendant sent a letter to counsel for Plaintiff requesting that he withdraw his discovery requests.  A true and correct copy of the letter is attached hereto as **Exhibit A**.

4.      On March 19, 2008, Mr. Murphy, counsel for Defendant, had a conference with Plaintiff's attorney in which he reminded him that his discovery requests were premature because the parties had not held a Rule 26(f) conference.

5.      Counsel for Plaintiff claimed that the parties had "already" had a

conference.  That statement is untrue.  The parties at no time have had a discovery conference or submitted a discovery schedule to the Court.  Further, neither party has submitted initial disclosures.

6.    On March 26, 2008, Mr. Murphy contacted Plaintiff's counsel via email to restate the fact that discovery was premature because the parties have not yet held a Rule 26(f) conference.  Mr. Murphy again requested that Plaintiff's counsel withdraw Plaintiff's discovery requests until such time as the parties conduct a Rule 26(f) conference.  A true and correct copy of the email is attached hereto as **Exhibit B**.

7.    On March 27, 2008, Mr. Murphy attempted to reach Plaintiff's counsel by telephone and was informed that Plaintiff's counsel was unavailable.

8.    Through the foregoing actions, Defendant's counsel has attempted to resolve this dispute without the aid of the Court but has been unsuccessful through no fault of its own.  Accordingly, Defendant has complied with Local Rule 12(k).

9.    Counsel for Defendant requests that the Court set a scheduling conference and that the parties hold a Rule 26(f) conference at least 14 days before the date of the scheduling conference.

**FOR THE FOREGOING REASONS**, Defendant AmericaUnited Bank & Trust Company, respectfully request that the Court quash Plaintiff's discovery requests and set a scheduling conference.

**AMERICAUNITED BANK & TRUST COMPANY**

By:    /s/ Douglas A. Henning
          One of Its Attorneys

John D. Burke (ARDC No. 06203918)
Douglas A. Henning (ARDC No. 06289724)
**ICE MILLER LLP**
200 West Madison, Suite 3500
Chicago, Illinois 60606
(312) 726-1567

Bart T. Murphy
**ICE MILLER LLP**
2300 Cabot Drive, Suite 455
Lisle, Illinois 60532
(630) 955-0555

3

<u>**CERTIFICATE OF SERVICE**</u>

Douglas A. Henning, an attorney, certifies that on March 27, 2008, he caused a true and correct copy of the ***AmericaUnited Bank & Trust Company's Motion to Quash Discovery Requests***, to be served by electronic filing upon:


Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington Street, Suite 700
Chicago, Illinois 60602


<u>/s/ Douglas A. Henning</u>
Douglas A. Henning

4

C/64049.1